### THE STATE v. W. H. CRIST.

1—In an indictment for taking up and using an estray, without first complying with the laws regulating estrays, it is not necessary to set forth the age, color, sex, or marks and brands of the animal.

2—The circumstances of time, place and the general nature of the subject of the alleged offence, are sufficient indicia to enable the accused to plead his acquittal or conviction in bar of a subsequent prosecution for the same offense.

APPEAL from Anderson.    Tried below before the Hon. Samuel L. Earle.

The indictment charged that the defendant, on the 10th of August, 1868, in the county of Anderson, "did then and there take up and use a gelding, an animal coming within the meaning of an estray, without first complying with the laws regulating estrays, said animal being then and there of the value of fifty dollars," etc.

The defendant filed numerous exceptions to the indictment,

and among them assigned that the age, sex, color, marks and brands of the animal were not set forth in the indictment, and that the indictment was not so framed that it could be pleaded in bar of a second prosecution for the same offense.

The court below sustained the exceptions and quashed the indictment; whereupon the State appealed.

No briefs on either side.

Lindsay, J.—This was an indictment for taking up and using an animal, a gelding, coming within the meaning of an estray, "without first complying with the laws regulating estrays." It was excepted to upon the ground that no offense was charged in the indictment, because the age, sex, color, marks and brands of the animal were not set forth, so as to enable the defendant, upon a judgment of acquittal or conviction, to plead it in bar of a second prosecution for the same offense. The exception was sustained by the court, and the indictment quashed. Now, we cannot recognize the necessity of any such particularity in the description of the property thus taken up and used in violation of law. In cases of estrays, the statement of the age would be a mere matter of conjecture; the sex it would be impossible to state; the color is often chameleon-like, varying with the seasons, and always affected, more or less, by exposure in the open air to the seasons; and marks and brands would be indicative of some ownership, suggestive of inquiry, and make it less excusable in the taker-up in using the animal without strictly complying with the law. This minuteness of description, to fix the identity of the subject, is neither necessary in this, nor in a prosecution for theft. The circumstances of time, place, and the general nature of the subject of the alleged offense are sufficient indicia to enable the accused successfully to plead the judgment of acquittal or conviction in bar of a subsequent prosecution for the same offense. The charge in the indictment is that the accused "took up and used" an estray, "without first complying with the laws regulating

estrays." This allegation is sufficient to put the accused upon his defense; and if he has complied with the laws regulating estrays, it is always in his power to show affirmatively that he has done so, because each step in the proceeding to estray the animal ought to be in his recollection, when it may be in the recollection of no one else, and the proof is accessible to him to establish the facts, if they be true.

The administration of the penal laws of the State would be still more inefficient than they are charged with being, if the officers of the government were called upon to examine and scrutinize every incident in the details of private action, before they could bring violators of the law to accountability, and compel them to make an exhibition of their conduct in their dealings with the interests of society. The offense to be punished must be fully charged in the indictment, either in the precise language of the legal definition of the crime, or in words of equivalent import. When this is done, the State has only to prove the *act* was perpetrated, which is prohibited by law, and then, if it is made manifest by the defense that the act was done under such circumstances as excuse or tolerate the act, such defense becomes available to the accused. The burden of proof to establish such excuse, or justification, is thrown upon the defendant. Just as in the case of the accusation of murder: the State must charge that the killing was done with malice aforethought, a necessary ingredient in the definition of murder. When the homicide or killing is proved by the State, the law presumes the malice, and the burden of proof devolves upon the defendant to show that it was not done with malice, or that the *act* was committed in self-defense. Here the offense charged was the "taking up and using an estray, without complying with the laws regulating estrays." This is a specific offense against the penal laws thus defined. The *act* performed was the "taking up and using" the estray. The complexion and character of that *act*, in the estimation of the penal law, is dependent upon the circumstances of that taking up and using, and the burden of showing those circumstances devolves

upon the defendant. The indictment is sufficient in law to put the defendant upon his trial. The exceptions to it, and the motion to quash ought to have been overruled. The judgment is reversed and the cause remanded.

Reversed and remanded.